IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAY BRUCE, JR                                                                                         PLAINTIFF

v.                                          Civil No. 4:11-cv-04106

T. FENSKE                                                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

This is a civil rights action filed by Plaintiff, Jay Bruce, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's "Motion for (TRO) and or Preliminary Injunction" ("Motion for TRO") (ECF No. 36). Defendant responded. ECF No. 44. Plaintiff replied. ECF No. 44. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

Plaintiff was incarcerated in the Arkansas Department of Corrections, Benton Work Release Program ("Benton Unit") when he filed his original Complaint. ECF No. 1. In this Complaint Plaintiff claims Defendant struck him in the face with his handcuffs on September 4, 2011. ECF No. 1, p. 3. Plaintiff was then denied a visit with the nurse because it was Sunday and there was no nurse on duty. ECF No. 1, p. 3. Plaintiff filed a Supplement to his Complaint on December 6, 2011. ECF No. 9. In this Supplement, Plaintiff asserted a claim against the Arkansas Department of Corrections ("ADC") for refusing him medical care on September 4, 2011. ECF No. 9, p. 1. On August 22,

2012, Plaintiff notified the Court of his transfer to the Arkansas Department of Corrections Cummins Unit ("Cummins Unit"). ECF No. 24. As of the date of this Report and Recommendation, Plaintiff remains housed in the Cummins Unit.

## II.     APPLICABLE LAW

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction under Rule 65, the Eighth Circuit Court of Appeals has instructed courts to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). Each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486 (citing *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987)). However, "[t]he threshold inquiry is whether the movant has shown the threat of irreparable injury." *Glenwood Bridge, Inc. v. City of Minneapolis,* 940 F.2d 367, 371 (8th Cir. 1991). "[T]he movants failure to sustain his burden of proving an irreparable harm ends the inquiry and the denial of the injunctive request is warranted." *Id.* (quoting *Gelco Corp. V. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987)).

## III.    DISCUSSION

In his Motion for TRO, Plaintiff argues that the Court should grant a temporary restraining

order or in the alternative a preliminary injunction based on the fact that Defendant unjustifiedly used a pair of handcuffs to strike Plaintiff in the head and then denied him medical care. ECF No. 36, p. 2. Additionally, Plaintiff argues he is entitled to injunctive relief because a mail room employee at the ADC is mishandling his mail in retaliation for filing this lawsuit. ECF No. 36, pp. 2-3. Specifically, Plaintiff alleges that the Court mailed him a file marked motion on September 20, 2012, but he did not receive it until September 26, 2012. ECF No. 36, p. 36. According to Plaintiff, the mail room employee held this motion in the mail room for days before delivering it to him. ECF No. 36, p. 3. Plaintiff requests he be "protected from further dangers for pursuing this action." ECF No. 36, p. 3.

In his Response, Defendant argues that Plaintiff is not entitled to injunctive relief in this matter because he has failed to demonstrate a real or immediate threat of irreparable harm regarding Defendant and the issues with the mail room employee are outside the claims in the Complaint. ECF No. 41, pp. 3-4.

On October 25, 2012, Plaintiff filed a Motion to Demonstrate Mail Tampering ("Motion to Demonstrate"). ECF No. 43. Plaintiff states that this Motion to Demonstrate is "connected to docket entry # 36 Motion for TRO/Motion for Preliminary Injunction filed October 1, 2012." ECF No. 43, p. 1. In the Motion to Demonstrate, Plaintiff alleges that his legal mail was opened by someone in the mail room and returned to him with instructions on how to send legal mail. ECF No. 43, pp. 1-2.

Also on October 25, 2012, Plaintiff filed a Reply to Defendant's Response to the Motion for TRO. ECF No. 44. In his Reply, Plaintiff makes many arguments regarding the merits of his claims. ECF No. 44, pp. 1-3. Plaintiff also cites *Geoff v. Harper*, 60 F.3d 518, 519-20 (8th Cir. 1995) as

holding: "[t]he Courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." Plaintiff argues that a constitutional violation has occurred in this case and that the ADC's agents are mishandling his legal mail. Plaintiff request the Court view the tape of the alleged assault. ECF No. 44, p. 3. Plaintiff also makes several arguments regarding the Defendant's pending Motion for Summary Judgment and discovery in this matter. ECF No. 44, pp. 3-5. Most of these arguments are unrelated to Plaintiff's request for injunctive relief.

Plaintiff is no longer housed in the Benton Work Release Unit where Defendant is employed, and Plaintiff has failed to show the Court how Defendant posses any threat of irreparable harm to him when the two are no longer located at the same facility. There exists no threat of future harm or injury to Plaintiff caused by this Defendant. Because Plaintiff has failed to meet the threshold burden of showing a threat of irreparable harm, the Court need not address the remaining *Dataphase* factors. *See Gelnwood Bridge, Inc.,* 940 F.2d at 371. Denial of Plaintiff's requested injunctive relief is warranted. *Id.*

Further, Plaintiff's reliance on *Geoff v. Harper* is unpersuasive. In *Geoff,* the Eighth Circuit first held that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Geoff*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotations omitted). Further, the Eighth Circuit held in *Geoff* that the plaintiff failed to make the requisite *Dataphase* showing of a threat of irreparable harm and vacated the district court's injunction. *Id.* at 521. The plaintiff in *Geoff* sought a preliminary injunction to prevent the named defendant in the case from sitting on a disciplinary board presiding over any alleged future disciplinary violations

involving the plaintiff because the defendant may unfairly discipline the plaintiff. *Id.* The court held "[e]ven assuming the harm alleged would be irreparable, the threat of this harm is too remote." *Id.* The instant situation is similar. The possibility that Defendant will cause Plaintiff irreparable harm when Plaintiff is no longer housed at the unit in which Defendant works is not only remote but highly improbable.

Additionally, Plaintiff may not seek injunctive relief based on "new assertions of mistreatment that are entirely different from the claim[s] raised" in his Complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In *Devose*, the Eighth Circuit explains that the purpose of a preliminary injunction is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Id.* (quoting *Dataphase,* 640 F.2d at 113, n. 5). Without a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the complaint the need for injunctive relief cannot be established. *Id.* The only claims made by Plaintiff in his Complaint & Supplement relate to the alleged assault with the handcuffs and the subsequent denial of medical care. Plaintiff's allegations regarding the mail room employee and his legal mail were raised for the first time in his Motion for TRO. Plaintiff has not established a relationship between his request for injunctive relief against the mail room employee and the claims in his Complaint. Therefore, Plaintiff is not entitled to injunctive relief regarding the mail room claims.

Accordingly, I recommend that Plaintiff's "Motion for (TRO) and or Preliminary Injunction" (ECF No. 36) should be **DENIED.** Similarly, Plaintiff's Motion to Demonstrate Mail Tampering (ECF No. 43) should be **DENIED** as it was, in substance, a supplement to Plaintiff's Motion for TRO.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **14th day of December 2012.**

                                                /s/ Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE