IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAY BRUCE, JR.                                                                                          PLAINTIFF

V.                                      CIVIL NO. 4:11-cv-04106

T. FENSKE,
*Correctional Officer,*
*Texarkana Work Release Center*                                                          DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Jay Bruce, Jr., currently an inmate of the Arkansas Department of Corrections, Cummins Unit in Grady, Arkansas, filed this civil rights action under 42 U.S.C. § 1983 (1996). He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant Fenske's Motion for Summary Judgment (ECF No. 17); Brief in Support (ECF No. 19); and Statement of Facts (ECF No. 18). Plaintiff has responded to this Motion for Summary Judgment through four different documents[1]: Motion to Demonstrate *Murrell v. Bennett* (ECF No. 37); Response to Motion for Summary Judgment (ECF No. 45); Second Response to Motion for Summary Judgment (ECF No. 49); and Motion to Demonstrate Affidavit of Corey D. Tate (ECF No. 50). Defendant has not filed a reply, and

---

[1] Even though these Motions are not all entitled responses to Defendant's Motion for Summary Judgment, because Plaintiff is processing *pro se,* the Court has thoroughly reviewed these documents and construes his filings liberally. *See Bracken v. Dormire,* 247 F.3d 699, 702-03 (8th Cir. 2001) (recognizing the Eighth Circuit's "longstanding practice" of construing *pro se* pleadings liberally); *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (holding that *pro se* pleadings should be liberally construed and held to a less stringent standard when facing a motion for summary judgment). Based upon this review, the Court interprets these documents as responses to Defendant's Motion for Summary Judgment.

1

his time to reply has passed.  *See* Local Rule 7.2(b).  This Motion is now ready for decision.

I.    BACKGROUND

The events at issue in this case occurred while Plaintiff was being held at the Texarkana Work Release Unit ("TWRU") in Texarkana, Arkansas in September of 2011.  ECF No. 1, p. 2.  On October 25, 2011, Plaintiff filed the instant Complaint.  ECF No. 1.  Specifically, in his Complaint, Plaintiff alleges his constitutional rights were violated on September 4, 2011 when Defendant Fenske intentionally hit him in the face with a pair of handcuffs.  *Id.* at 4.

On December 6, 2011, Plaintiff was granted leave to amend and filed a Supplemental Complaint "against ADC" for refusing him medical attention after he was hit in the face with a pair of handcuffs.[2]  ECF No. 9.  On December 20, 2012, Plaintiff was again granted leave to amend, and he filed a second Supplemental Complaint including in a prayer for relief a request for $5,000.00 in compensatory damages, $3,000.00 in punitive damages for refusal of medical treatment, and "a declaratory judgment."  ECF No. 57.  These are the matters currently before this Court.

II.   LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the

---

[2] The Court granted Plaintiff's Motion to Amend/Correct Complaint and allowed Plaintiff to file a Supplemental Complaint (ECF No. 8) in this case which included a claim against ADC.  It appears "ADC" or Arkansas Department of Corrections was never served or formally added as a party to this action.  Under 42 U.S.C. § 1983, only a "person" is subject to suit.  Accordingly, ADC is not a proper party to this lawsuit.  Further, to the extent a representative of the ADC should have been added in this suit, the Court finds any claims against them should also be dismissed without prejudice because, as outlined below, Plaintiff did not properly exhaust his administrative remedies.

disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

In his Motion for Summary Judgment, Defendant Fenske argues this case should be dismissed based upon the following: (A) Defendant Fenske is entitled to sovereign immunity and (B) Plaintiff failed to properly exhaust his administrative remedies prior to filing this suit. ECF No. 190. Because the Court finds Plaintiff did not exhaust his administrative remedies prior to filing this suit, the Court will only address Defendant's second argument for reversal.

Defendant argues Plaintiff failed to exhaust his administrative remedies prior to bringing this lawsuit. ECF No. 19. Defendant argues the ADC's Administrative Directive 10-32 was in effect at the time of the events in question. *Id.* Pursuant to Administrative Directive 10-32,

Plaintiff was required to timely file an informal resolution, a formal grievance, and a grievance appeal to the Assistant or Deputy Director as required by the Inmate Grievance Procedure policy in order to fully exhaust his administrative remedies. ECF No. 17-1 ¶ 10. Defendant argues that in the present action, Plaintiff filed the grievance, received a response from the Warden, and then appealed the Warden's decision to the Deputy Director. ECF No. 17-1 § 13; ECF No. 17-1, p. 25. Plaintiff was informed that he would receive a response from the Deputy Director's office on or before November 2, 2011. ECF No. 17-1, p. 23. Prior to receiving a response from the Deputy Director, Plaintiff filed the present lawsuit. ECF No. 1. In response, Plaintiff claims his failure to exhaust his administrative remedies should be excused because the grievance policies were not made available to him at the TWRU. ECF No. 50. Plaintiff claims that to be held responsible for failing to follow the grievance procedures, he had to at least be aware of those procedures. *Id.*

The Prison Litigation Reform Act ("PLRA") provides the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies available are exhausted." 42 U.S.C. § 1997e(a) (1996). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subject to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007). It is also well-settled that a prisoner must exhaust his administrative remedies in accordance with the *prison's* procedural requirements. *See id.* at 218 (explaining that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). Further, the requirement that Plaintiff exhaust his administrative remedies

prior to bringing a 42 U.S.C. § 1983 action is mandatory. *See Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003) (holding that "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

In this action, the grievance procedure for the ADC at the time of the events in question was Administrative Directive 10-32. ECF No. 17-1 ¶ 3. This Directive requires Plaintiff to timely file an informal resolution, a formal grievance, and a grievance appeal to the Assistant or Deputy Director in order to fully exhaust his administrative remedies. ECF No. 17-1 ¶ 10. In the present action, Plaintiff filed his lawsuit prior to the completion of his appeal to the Deputy Director. ECF No. 1. As such, he did not fully exhaust his administrative remedies.

Plaintiff claims his failure is excused because he was not given notice of the internal grievance procedure. ECF No. 49 ¶ 14. He claims there were no "law library's" or "law clerks" at the TWRU to notify him of this grievance procedure. *Id.* Despite his claim, the Eighth Circuit has clearly held that ignorance of grievance procedures does not excuse a failure to comply with those procedures. *See, e.g., Hahn v. Armstrong,* 407 Fed. App'x 77 (8th Cir. 2001). In *Hahn,* the prison officials even *ignored* the prisoner's request for information about the grievance process, and the prisoner's delay was still not excused. *Id.* Indeed, in *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005), the Eighth Circuit held, "We have only excused inmates from complying with the institution's grievance procedures when officials have *prevented* prisoners from unitizing the procedures . . . or when officials *themselves* have failed to comply with the grievance procedures." (citations omitted) (emphasis added).

In the present action, Plaintiff was not prevented from utilizing the grievance procedures, and there is no indication the prison officials themselves failed to comply with the grievance

5

procedures. In fact, Plaintiff actually filed a grievance regarding this incident on September 6, 2011. ECF No. 17-1, p. 24. After filing his grievance, the Warden entered a decision regarding the grievance just one day later. ECF No. 17-1, p. 25. Plaintiff's appeal was properly received by the Deputy Director's office, and he was even given a time frame from which to expect a response. ECF No. 17-1, p. 23. Accordingly, the Court does not excuse Plaintiff's failure to follow the internal grievance procedures based upon his claim that he did not have full knowledge of those procedures. Because Plaintiff did not fully exhaust his administrative remedies prior to filing the lawsuit in this matter, this case should be dismissed without prejudice.

**IV.     CONCLUSION**

For the reasons stated, the undersigned recommends Defendant's Motion for Summary Judgment (ECF No. 17) be **GRANTED**. This case should be dismissed without prejudice subject to the potential right of Plaintiff to re-file once he has exhausted the grievance procedure with respect to all claims he seeks to pursue in this case.

Further, as noted above, Plaintiff's Motion to Demonstrate Murrell v. Bennett, 615 F.2d 306 (5th Cir. 1980) (ECF No. 37) and Motion to Demonstrate Affidavit of Corey D. Tate (ECF No. 50) have been construed as responses to Defendant's Motion for Summary Judgment. Accordingly, the undersigned recommends they be **DENIED.**[3]

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[3] As a final point, as noted in one of the Court's previous orders, the facts from *Murrell v. Bennett* are distinguishable from the facts in the present action. *See* ECF No. 56.

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **DATED** this **27th day of February 2013.**

                /s/ Barry A. Bryant
                HON. BARRY A. BRYANT
                U. S. MAGISTRATE JUDGE